COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Chief Judge Huff, Judges Humphreys, Petty, Beales, Alston, Chafin, Decker, O'Brien,
           Russell, AtLee and Malveaux
Argued at Richmond, Virginia

VICTORIA ELIZABETH DUFRESNE

                                                        OPINION BY
v.      Record No. 0281-15-2               JUDGE RANDOLPH A. BEALES
                                                      OCTOBER 18, 2016

COMMONWEALTH OF VIRGINIA

UPON A REHEARING EN BANC

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Gregory L. Rupe, Judge

Dorian Dalton, Senior Assistant Public Defender, for appellant.

Eugene Murphy, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Victoria Elizabeth Dufresne was indicted and tried for robbery.  At the conclusion of her

bench trial, Dufresne asked the trial court to find her guilty of grand larceny.[1]  The trial court

convicted Dufresne of grand larceny and sentenced her to five years imprisonment with three years

suspended.  Dufresne appealed her conviction for grand larceny to this Court, arguing that the trial

court erred in denying her post-trial motion to set aside the verdict.  The majority opinion of a

divided three-judge panel reversed the judgment of the trial court and remanded the case for further

proceedings in the trial court.  Dufresne v. Commonwealth, No. 0281-15-2, 2016 Va. App. LEXIS

38 (Va. Ct. App. Feb. 9, 2016).  This Court granted the Commonwealth's request for a rehearing *en*

*banc*.  Upon rehearing this matter *en banc*, we hold that Dufresne invited error when she directly

─────────────
[1] Dufresne has never argued that the evidence failed to establish that she committed the
act of grand larceny.  Indeed, the evidence proved beyond a reasonable doubt that she stole
money and prescription pills valued at well over $200 from the victim.

asked the trial court to enter a conviction order for grand larceny. Thus, we apply the invited error doctrine and, consequently, affirm the trial court.

## I. BACKGROUND

We consider the evidence on appeal "in the light most favorable to the Commonwealth, as we must since it was the prevailing party" in the trial court. Beasley v. Commonwealth, 60 Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004)). So viewed, the victim in this case is a quadriplegic confined to a wheelchair or bed whose condition requires twenty-four-hour care. The victim testified that, as of July 9, 2014, he considered Dufresne to have been his friend for the last five years and had even allowed Dufresne to stay at his residence the previous two evenings. On July 9, 2014, Dufresne offered to help the victim in place of his caregiver – who was scheduled to arrive at 5:00 p.m. At Dufresne's behest, the victim called his normal caregiver at approximately 4:30 p.m. to tell her not to come that day. Once the victim had spoken to his caregiver, Dufresne left the victim's home. She later returned with a male friend named Jonathan, whom the victim did not know.

When Dufresne and Jonathan entered the victim's residence, the victim was lying on a bed. After engaging the victim in a brief conversation, Jonathan took the victim's phone from him, which had been resting on the victim's abdomen. The victim begged and pleaded with Dufresne and her friend to return his phone, as it was his sole means of contacting the outside world. After Jonathan had taken the victim's phone, the victim heard Dufresne ask Jonathan, "What would you like to do? Do you want to finish this?" The victim testified that he was in complete shock, that he was very frightened by Dufresne's conduct, and that "[a]t that point, [he understood] what was going on." Dufresne then reached into a pillowcase behind the victim's head and took the victim's wallet and some pills. The wallet contained approximately $320 to $345 in cash. The victim testified that he was unable to take any action to stop Dufresne, because of his condition as a

quadriplegic, except to push his head back against his pillow, where his wallet and pills were. Before leaving with Jonathan, Dufresne also took the victim's bed remote control from him, telling the victim that she needed to take it with her "because there might be a help button on there, or a way for you to get in contact." Dufresne and Jonathan then left the residence. The victim testified that he screamed for help for a long time and that it was approximately five hours before his roommate returned from work and found him.

Dufresne was indicted and tried for robbery. At the conclusion of the Commonwealth's case-in-chief, Dufresne moved to strike the evidence. During argument, the trial judge asked Dufresne's counsel, "Is it grand larceny, grand larceny from the person, or is it robbery?" Dufresne's counsel replied, "The argument would be larceny." When then asked by the trial court if Dufresne was guilty of grand larceny, her counsel responded, "They prove value with the cash. So yes. I would say that they have met the burden for grand larceny." The trial court denied the motion to strike.

Dufresne then put on evidence. After Dufresne rested her case and renewed her motion to strike, the trial court entertained closing argument, stating to both counsel, "We are [at] closing arguments now." The Commonwealth waived its right to speak first, and Dufresne began her closing argument. During that argument, her counsel reiterated that she was renewing her motion to strike.[2] The last substantive statement of Dufresne's counsel during the closing argument was a specific and direct request for the trial court to find Dufresne guilty of grand larceny ("For these reasons, I'd ask for the charge to be dropped down to grand larceny."). After Dufresne asked the trial court to convict her of grand larceny, the Commonwealth continued to strongly argue, "it was a

---

[2] The dissent makes much of the fact that Dufresne's request to be convicted of grand larceny came as part of a renewed motion to strike, asserting that the "*sole* purpose of a motion to strike the evidence is to assert to the trial court any legal insufficiency in the Commonwealth's proof . . . ." This ignores that the statement was not simply a part of a renewed motion to strike, but was Dufresne's *requested disposition* of the case at the very end of her closing argument.

robbery . . . ," and emphasized that the property Dufresne stole was "taken from his [the victim's] person or his presence against his will by violence or intimidation." The trial court found Dufresne guilty of grand larceny. In the written conviction order entered December 9, 2014, the trial court stated that it denied Dufresne's renewed motion to strike the evidence on the robbery charge.

On January 26, 2015, nearly seven weeks after the entry of the conviction order, Dufresne filed a motion to set aside her conviction for grand larceny. At a hearing held on February 5, 2015, Dufresne argued that grand larceny is not a lesser-included offense of robbery and that the trial court could only properly convict her of petit larceny. The Commonwealth argued in response that Dufresne had invited error when she specifically asked the court at trial to find her guilty of grand larceny. At the hearing, the trial court addressed Dufresne directly and stated, "Your lawyer did a fine job by getting me . . . to get you out from under the robbery conviction." The court denied the motion to set aside the verdict and sentenced Dufresne to five years imprisonment with three years suspended.

II. ANALYSIS

A. DUFRESNE INVITED THE VERY ERROR ABOUT WHICH SHE COMPLAINS

Dufresne assigns error to the trial court's refusal to set aside her conviction for grand larceny and enter a conviction for petit larceny. At the end of her trial, however, Dufresne *directly asked* the trial court to convict her of grand larceny. In Rowe v. Commonwealth, 277 Va. 495, 675 S.E.2d 161 (2009), the Supreme Court held that "[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory. *Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong.*" Id. at 502, 675 S.E.2d at 164 (emphasis added) (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006)).

- 4 -

In this matter, Dufresne invited error and subsequently attempted to take advantage of the situation created by her own wrong. During her combined closing argument and second motion to strike the evidence, Dufresne specifically invited the trial court to convict her of a less serious felony by stating, "I'd ask for the charge to be dropped down to grand larceny."[3] At the post-trial hearing on Dufresne's motion to set aside the verdict, she then attempted to take advantage of the situation created by her own wrong by asking the court to set aside her grand larceny conviction and to enter a misdemeanor petit larceny conviction.

The trial court accepted Dufresne's invitation to find her guilty of grand larceny. Dufresne's request is, of course, the key to resolving this appeal. Absent an invitation to err, the invited error doctrine does not apply. If not for Dufresne's specific request that the trial court convict her of grand larceny, the conviction for grand larceny under an unamended indictment for robbery constitutes reversible error.[4] From these facts, there can be no question that Dufresne invited the error that is the subject of this appeal. Only by ignoring the fact that Dufresne specifically asked the trial court to convict her of grand larceny can she reach the conclusions

---

[3] As Dufresne expressly recognized in her closing argument in the trial court, a conviction for robbery carries with it stiffer potential penalties than one for grand larceny. While both crimes are felonies, robbery is "punishable by confinement in a state correctional facility for life or any term not less than five years." Code § 18.2-58. Grand larceny is "punishable by imprisonment in a state correctional facility for not less than one nor more than twenty years." Code § 18.2-95. Thus, Dufresne had potentially much to gain by requesting a conviction for grand larceny, instead of robbery, because twenty years is the absolute *maximum* sentence for a conviction of grand larceny.

[4] The trial court clearly committed error in convicting Dufresne of grand larceny. Grand larceny is not a lesser-included offense of robbery, and "[i]t is firmly established . . . that an accused cannot be convicted of a crime that has not been charged, unless the crime is a lesser-included offense of the crime charged." Commonwealth v. Dalton, 259 Va. 249, 253, 524 S.E.2d 860, 862 (2000). In the normal course, such error would require reversal. Dufresne's specific request that she be convicted of grand larceny changes the equation and implicates the doctrine of invited error.

that (1) she did not invite the very error of which she now complains, and (2) that the invited error doctrine does not bar her requested relief on appeal.[5]

Contrary to any characterization of Dufresne's specific invitation as a mere misstatement or an erroneous concession of law, the record demonstrates that Dufresne *never* argued that she simply misspoke or made a mistake at trial when she presented the trial court with the option to convict her of grand larceny. In fact, Dufresne's "explanation" for the error was an inaccurate claim that, "[i]f the Court will recall, we never made a request to have her found guilty of grand larceny. We just kept using the term larceny." Dufresne later stated at the same hearing that the defense "never specifically brought out in the argument to have this found grand larceny." As noted above, counsel's recollection during the motion to set aside the verdict of what Dufresne actually requested in the prior hearing was mistaken because she had, in fact, specifically requested that the trial court convict her of grand larceny.

### B. APPLICATION OF THE INVITED ERROR DOCTRINE

Dufresne argues that the invited error doctrine is applicable only when the error complained of is raised for the first time on appeal. By focusing on timeliness of the objection in the trial court by the party who invited the error, however, Dufresne's argument would reduce the invited error doctrine to nothing more than a subset of the contemporaneous objection rule of Rule 5A:18. That conclusion is contrary to longstanding Supreme Court precedent where the

---

[5] To be clear, prior to inviting error during her closing argument, Dufresne, in the course of her motion to strike at the conclusion of the Commonwealth's evidence, had merely conceded that the evidence would have supported a conviction for grand larceny. At trial, when asked by the trial court whether Dufresne was guilty of "grand larceny, grand larceny from the person, or . . . robbery," Dufresne's counsel responded, "The argument would be larceny." When then asked by the trial court if Dufresne was guilty of grand larceny, her counsel responded, "They prove value with the cash. So yes. I would say that they have met the burden for grand larceny." These statements or concessions were made in response to questions from the trial judge during the initial motion to strike; however, this Court cannot ignore the fact that Dufresne later, in her closing argument, made a *direct request to the trial court to find her guilty of grand larceny*, and thus, invited the error about which she complains.

invited error doctrine was applied in situations, like here, where the party who invited error later raised the issue to the trial court.

In Sullivan v. Commonwealth, 157 Va. 867, 161 S.E. 297 (1931), the defendant was indicted for breaking and entering *with intent to maim, disfigure, and kill* in violation of then Code Section 4439. Prior to the commencement of the trial, defense counsel moved to require the prosecutor "to elect under which section of the Code of Virginia the accused would be tried." Id. at 870, 161 S.E. at 297. In response to the defendant's own motion, the prosecutor elected to proceed under the charge of breaking and entering *with intent to commit murder, rape or robbery* in violation of then Code Section 4438. The defendant did not object to this election. Id. at 871, 161 S.E. at 297. With the acquiescence of the defendant, the trial proceeded upon the charge that the breaking and entering was committed with intent to commit murder. Id. at 871, 161 S.E. at 297-98.

After an instruction was given to the jury on the charge of breaking and entering with intent to commit murder, rape or robbery, Sullivan objected on the grounds that that instruction was "predicated upon section 4438 of the Code, while the indictment is drawn under section 4439 of the Code, and that the indictment in this case is fatally defective as an indictment under section 4438 of the Code." Id. at 873, 161 S.E. at 298-99. After the trial, the defendant also moved the trial court to set aside the verdict on the same grounds. The trial court refused the defendant's request and overruled the motion. On appeal, the Supreme Court stated:

> Just why the attorney for the accused moved the court to require the attorney for the Commonwealth to elect under which of the sections he would prosecute the accused does not appear. We shall therefore not speculate as to the motive. Whatever the motive, the same consequences follow. The accused acquiesced in the prosecution for a breaking and entering with intent to commit murder, rape or robbery. That was the charge which he defended and about which he testified. After the evidence had been concluded he should not have been permitted to claim that he could not be prosecuted under section 4438. By this acquiescence

- 7 -

> he waived the right to make that contention because it was
> inconsistent with his own motion to require the prosecutor to elect
> under which section he should be tried. The motion, by necessary
> implication, conceded the right to try the accused under either
> section. *Though the procedure was so irregular, the accused*
> *cannot be allowed to take advantage of an irregularity for which*
> *he is directly responsible. He cannot approbate and reprobate –*
> *invite error and then take advantage of his own wrong.*

Id. at 878, 161 S.E. at 300 (emphasis added).

Both Sullivan and Dufresne were initially indicted for a violation of one statute and subsequently convicted of a violation of a different statute. Sullivan was responsible for the irregularity that resulted from his motion. Even though Sullivan sought to correct the error while the matter was still before the trial court, the Supreme Court applied the invited error doctrine, holding that "the accused cannot be allowed to take advantage of an irregularity *for which he is directly responsible*." Id. (emphasis added). In the present case, Dufresne is not merely responsible for the events that culminated in her conviction for grand larceny, *she directly asked the trial court to find her guilty of that very offense*. Therefore, because the Supreme Court has applied the invited error doctrine in cases where an objection about that error was later made before the trial court, the doctrine applies in this case. See also Fisher v. Commonwealth, 236 Va. 403, 416, 374 S.E.2d 46, 53 (1988) (citing Sullivan with approval, the Supreme Court held that "[n]o litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate – to invite error, as the defense admittedly did here, and then to take advantage of the situation created by his own wrong").[6]

---

[6] Recognizing that Sullivan makes clear that the invited error bar can apply even when the issue was raised while the matter was before the trial court, the dissent does its best to distinguish Sullivan from this case. The result is unpersuasive.

Ultimately, the dissent justifies departing from the rationale of Sullivan because it involved a jury trial as opposed to a bench trial, noting that "[b]ecause this was a bench trial with the trial court acting as the factfinder, I would hold that Dufresne's motion to set aside the verdict was timely, even though it was made prior to sentencing and almost two months after the trial . . . ." The dissent points to nothing in Virginia case law that even hints that there are

C.  QUESTIONS OF PREJUDICE DO NOT ALTER THE ANALYSIS

The dissent relies heavily on its conclusion that the Commonwealth suffered no prejudice as a result of Dufresne's shifting arguments in the trial court.  This analysis is flawed for two reasons.  First, the invited error cases referenced by the dissent do not contain a prejudice requirement.[7]  Although the dissent correctly notes that many of the prior cases it cites involved situations where a party did suffer prejudice, none of those cases stated that prejudice was required.  Because such a requirement is not expressed in the Supreme Court's previous invited error cases, the dissent's insistence on that requirement here represents the crafting of a new doctrine as opposed to the simple application of the existing invited error doctrine.

Second, viewing the record in the light most favorable to the Commonwealth, the prevailing party below, the dissent's conclusion regarding the lack of prejudice is, at best, questionable.  The Commonwealth was denied something it was entitled to receive – having the trial court decide whether Dufresne was guilty of robbery or petit larceny.[8]  The dissent makes much of the Commonwealth's decision not to seek to amend the indictment to grand larceny.

---

different rules for the proper application of the invited error doctrine in jury and bench trials.  We decline to endorse such an approach.

The dissent's analysis is flawed and its conclusion in error largely because it begins from flawed premises and imposes requirements for the application of the invited error doctrine that are not found in existing precedent.  These flawed premises lead the dissent away from a straightforward application of the rule of Sullivan.

[7] The dissent's reliance on Lofton Ridge, LLC v. Norfolk S. Ry., 268 Va. 377, 601 S.E.2d 648 (2004), is misplaced.  Lofton Ridge dealt with the doctrine of judicial estoppel – not the invited error doctrine.  In that case, no litigant expressly requested that the trial court take an action and then argued that the trial court erred by giving the litigant exactly what had been requested.  As that is the central issue in a case of invited error, Lofton Ridge is inapposite here.  Furthermore, the quoted language in the dissent was not part of the Supreme Court's holding, which was limited to its conclusion that "the doctrine of judicial estoppel will not act as a preclusive bar to the subsequent proceeding unless the parties are the same."  Id. at 383, 601 S.E.2d at 651.

[8] Dufresne does not contest, even now on appeal, that the evidence established that she was guilty of petit larceny.  Accordingly, an acquittal was not a viable third option.

However, the record reveals that the Commonwealth never asked the trial court to consider a conviction for grand larceny. Instead, the Commonwealth consistently argued throughout the proceedings that the evidence established that "it was a robbery" accomplished "by violence or intimidation." Such a decision was, in practical effect, a strategic choice by the Commonwealth analogous to a party in a jury trial not seeking instructions based on a lesser-included offense because it would rather have no conviction at all rather than a conviction on the lesser as opposed to the greater offense.[9] The Commonwealth was willing to rely exclusively on the evidence supporting a robbery conviction with the downside risk being that it would be left with just a misdemeanor conviction if the trial court rejected the robbery charge. The merits of such an "all or nothing" strategy aside, the Commonwealth was entitled to see the results of its strategy through to its conclusion. Thus, the Commonwealth was prejudiced when the trial court refused to decide between petit larceny and robbery by accepting Dufresne's invitation to convict her of grand larceny.

Even if the failure to provide the Commonwealth with a straight up or down decision on the question of robbery versus petit larceny was not, in and of itself, prejudice to the Commonwealth, it is far from clear that, if confined to the appropriate choices, the trial court would not have convicted Dufresne of robbery. If the trial court would have convicted her of robbery absent Dufresne's invitation to convict her of grand larceny, then the Commonwealth suffered prejudice.

Viewing the record in the light most favorable to the Commonwealth, it certainly is possible that the trial court would have convicted Dufresne of robbery if confined to the two

---

[9] Although we do not know whether this was actually the Commonwealth's reasoning, such a reading is possible under the record before us when the record is viewed in the light most favorable to the Commonwealth. Wilkins v. Commonwealth, 64 Va. App. 711, 713, 771 S.E.2d 705, 706 (2015) ("[W]e consider the circumstances in the record in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court." (internal citation and quotation marks omitted)), aff'd, 292 Va. 2, 786 S.E.2d 156 (2016).

appropriate choices. Although we cannot know for certain whether or not the trial judge would have convicted Dufresne of robbery, it is sufficiently clear that the trial judge relied on Dufresne's offer to enter a finding of guilt for grand larceny to terminate the prosecution for robbery. It is also clear that the trial court nearly convicted Dufresne of robbery, as the court stated on the record at the conclusion of the trial that the sufficiency of the evidence required for robbery was "[c]lose." Faced with the appropriate choice of either robbery or petit larceny, the trial court may well have convicted Dufresne of robbery.

The dissent argues that such a conviction was not a possibility. First, the dissent asserts that Dufresne's argument that the evidence only supported a larceny conviction was correct and that, as a result, the trial court "acquitted" her of robbery. We disagree with this conclusion and believe, when viewed in the light most favorable to the Commonwealth, the evidence was sufficient to allow a reasonable factfinder to convict Dufresne of robbery. See Harris v. Commonwealth, 3 Va. App. 519, 521, 351 S.E.2d 356, 357 (1986) (in robbery cases, "[t]hreats of violence or bodily harm are not an indispensable ingredient of intimidation. It is only necessary that the victim actually be put in fear of bodily harm by the willful conduct or words of the accused.").

The dissent asserts that, by convicting Dufresne of grand larceny as opposed to robbery, the trial court implicitly found that the Commonwealth's evidence was insufficient to allow a reasonable factfinder to conclude that she was guilty of robbery. Specifically, the dissent writes that

> the obvious explanation supported by this record for the trial
> court's statement to Dufresne that "[y]our lawyer did a fine job by
> getting me . . . to get you out from under the robbery conviction" is
> simply that the trial court did not agree with the Commonwealth
> that the element of force, threat or intimidation required for a
> robbery conviction was proven beyond a reasonable doubt.

- 11 -

Although perhaps a plausible reading of the trial court's statements from the bench, it is clearly not the only possible reading and certainly is not a reading that results from viewing the record in the light most favorable to the Commonwealth.

Furthermore, the dissent's conclusion that the trial court implicitly found that the Commonwealth's evidence was insufficient to establish an element of robbery conflicts with the trial court's ruling on the motion to strike. The trial court's written order *denied* the motion to strike at the close of all of the evidence.[10] By definition, such a denial is a finding that the Commonwealth's evidence *was sufficient* to allow a reasonable factfinder to conclude, beyond a reasonable doubt, that all of the elements of robbery had been proven. As such, the dissent, viewing the record in the light most favorable to the Commonwealth, cannot properly conclude that there is no possibility that the Commonwealth was prejudiced by the trial court's acceptance of Dufresne's invitation to convict her of grand larceny.

D. REVIEW OF THE TRIAL COURT'S DENIAL OF DUFRESNE'S MOTION TO SET ASIDE THE VERDICT

Dufresne has assigned error to the trial court's refusal at the post-trial hearing to set aside her conviction for grand larceny. We hold that the trial court did not abuse its discretion when it denied Dufresne's motion to set aside the verdict.

To be clear, we do not hold today that a litigant shall be forever bound by a mistaken statement of law or fact once the words have left the lips of counsel. Counsel at trial, consistent with professional obligations and the interests of clients, should inform the trial court of his or her mistake and ask the court to correct the invited error. The trial court, having been informed

---

[10] To the extent that the trial court's statements are read to conflict with the written order, the written order controls. Temple v. Mary Washington Hosp., Inc., 288 Va. 134, 141, 762 S.E.2d 751, 754 (2014) (holding that "trial courts speak only through their written orders"). Thus, the dissent's assertion that Dufresne was "acquitted of" robbery is not supported by the record.

- 12 -

of the error, must then determine if, under the circumstances, it is appropriate to relieve the litigant of the consequences of the invited error.

Whether granting such relief is appropriate necessarily will depend on the facts and circumstances of each case. Issues of potential prejudice, whether the trial court believes the error was invited intentionally, when in the proceeding the error is brought to the trial court's attention, the amount of time that has passed between the invitation to commit error and the withdrawal of the invitation, the degree to which subsequent proceedings in the trial court were infected by the error, and other factors may properly influence the trial court's decision of whether or not to relieve a party of the consequences of his or her invitation to commit error. In turn, we then review *that* decision of the trial court on appeal for an abuse of discretion.[11]

Again, there is no question that the trial court erred in convicting Dufresne of grand larceny.[12] However, we cannot say that the trial court abused its discretion in refusing to allow Dufresne to change her position and to avoid the consequences of her specific invitation to the court to err. Dufresne's initial insistence that the trial court convict her of grand larceny as opposed to robbery, the passage of time (nearly seven weeks) from the granting of her request and her bringing the error to the trial court's attention, our inability from the cold, paper record before us to determine whether the invitation was simply a mistake or an intentional act, and the

---

[11] It is important to recognize that this Court is now reviewing the decision of the trial court not to allow Dufresne to withdraw her invitation to err – and not the underlying error – for an abuse of discretion. It is true that a trial court, by definition, abuses its discretion when it makes an error of law. Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008). In *every* case involving invited error, the trial court will have abused its discretion in accepting the invitation to err. In cases of invited error, identifying the invited error is the beginning and not the end of the analysis. To hold otherwise and find that the initial error constitutes an abuse of discretion that requires reversal would completely eviscerate the invited error doctrine.

[12] It is difficult to discern from the record before us why the trial court accepted the invitation to err. However, as noted above, regardless of the reason, it is clear that the trial court erred in convicting Dufresne of a crime for which she was not indicted and that was not a lesser-included offense of the charge levied in the indictment. Dalton, 259 Va. at 253, 524 S.E.2d at 862.

- 13 -

prejudice – potential or actual – suffered by the Commonwealth are relevant factors that support the trial court's decision to deny Dufresne's motion to set aside the verdict. Accordingly, we hold that the trial court did not abuse its discretion when it refused to allow Dufresne to withdraw her invitation.[13]

### III. CONCLUSION

In summary, Dufresne invited the very error in the trial court about which she now complains. In the post-trial motion and on appeal, Dufresne has endeavored to take advantage of the trial court's acceptance of her invitation to err by asking for a conviction for misdemeanor petit larceny, instead of the conviction for grand larceny that she requested at trial. The trial court was intimately familiar with the record and well-positioned to observe conduct of the parties when it refused to allow Dufresne to change her position and avoid the consequences of her specific invitation to the court to err. Therefore, we hold that the trial court did not abuse its discretion when it held Dufresne to her invited error and, consequently, we affirm the conviction Dufresne requested below.

Affirmed.

---

[13] The dissent suggests that the application of the well-established invited error doctrine to Dufresne's conduct in this case would have serious negative effects on criminal defendants, going so far as to label such effects even "draconian." First, it asserts that finding Dufresne's argument barred by the invited error doctrine "effectively converts many if not most motions to strike the evidence into the functional equivalent of guilty pleas . . . ." Second, the dissent posits that applying the invited error doctrine in this situation requires concluding that a party's taking a legal position is "irrevocable and irreversible" once the words leave the lips of her counsel. Neither position survives scrutiny.

A litigant was and remains free to argue during a motion to strike that the evidence might support convictions for offenses other than the crime charged but does not support a conviction for that offense. Such an argument does not in any way implicate the invited error doctrine. Regarding the motion to strike scenario referenced by the dissent, the invited error doctrine only becomes an issue if such arguments are extended to include a specific request to convict for an uncharged crime that is not a lesser-included offense. As noted above, Dufresne did far more than argue in a motion to strike that the evidence might have supported her conviction for crimes other than robbery; she specifically invited the trial court to convict her of grand larceny during her closing argument. It is that specific request and not the rest of her statements that govern the result here.

Humphreys, J. with whom Huff, C.J., Petty, Alston and Chafin, JJ. join, dissenting.

This case presents an issue of first impression in the Commonwealth with respect to the invited error doctrine[14]: assuming error was actually invited, whether or to what extent the invited error doctrine applies when the party misstating the law or inviting or acquiescing in an error of law attempts corrective action in the trial court and no prejudice to other parties has yet resulted from the error? Because the majority opinion omits facts and law pertinent to the legal analysis in this case, and, further, because in my view, the majority's analysis is seriously flawed and fraught with major adverse consequences for the conduct of future trials, I dissent from the analysis and judgment of the majority in this case.

---

[14] The Commonwealth also argues that Dufresne's assignment of error is barred because a party may not approbate and reprobate. Although there is occasional overlap in their application and the terms are often inartfully used interchangeably by both this Court and our Supreme Court, the approbate-reprobate bar and the invited error doctrine are analytically different in both their definition and application. See e.g. Matthews v. Matthews, 277 Va. 522, 675 S.E.2d 157 (2009); see also Alford v. Commonwealth, 56 Va. App. 706, 696 S.E.2d 266 (2010). The approbate-reprobate bar requires that where a party affirmatively assumes inconsistent legal positions *on their own behalf*, the opposing party and the courts are entitled to rely on the position first taken and the approbating party will be bound thereby. *Unless amended*, a litigant's *pleadings* are binding upon him. His opponent is entitled to rely upon the position he takes, and should be able to prepare for trial with the assurance that this position will not be suddenly changed without notice. For this reason, a litigant will not be permitted to assume, successively, inconsistent and mutually contradictory positions. Berry v. Klinger, 225 Va. 201, 207, 300 S.E.2d 792, 795 (1983) (citing Winslow v. Scatie, 224 Va. 647, 299 S.E.2d 354 (1983)).

The invited error doctrine is somewhat different and holds that an appellate court will consider as *waived for the purposes of an appeal, those errors of law that are induced, encouraged, acquiesced in, consented to or otherwise permit a party to "take advantage of the situation created by his own wrong*." Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006) (emphasis added). In this case, the majority, the Commonwealth, and several of the cases cited also conflate the two concepts. Because Dufresne has not assumed inconsistent legal positions on her own behalf, in my view, this case implicates only the invited error doctrine.

- 15 -

<u>WHETHER DUFRESNE INVITED ERROR IN THE FIRST INSTANCE</u>

It is undisputed that, during her argument on a motion to strike the evidence, Dufresne conceded that grand larceny was an offense for which she could be convicted.[15] It is also undisputed that, since grand larceny is not a lesser-included offense of robbery, for which she was indicted, Dufresne could not properly be convicted of grand larceny absent an amendment to the indictment. Therefore, as everyone now agrees, the trial court erred in convicting Dufresne of grand larceny, in violation of Code § 18.2-95.

However, I begin my departure from the analysis of my colleagues by noting that their assertion that Dufresne "asked the trial court to convict her of grand larceny" during closing argument is not accurate. Although at the conclusion of all the evidence the trial court stated "we are closing arguments now [sic]," counsel for Dufresne immediately followed that statement by the trial court with her statement, "This is my motion to renew my motion to strike." Counsel for Dufresne then argued the failure of the Commonwealth's evidence to establish the element of force, threat or intimidation sufficient to support the charge of robbery and as reflected on page 62, lines 22-23 of the joint appendix and contrary to the assertion of the majority, concluded her argument by stating, "For those reasons, I'd ask for the charge to be dropped down to grand larceny." Based upon the actual statements made by counsel for Dufresne, I cannot accept the majority's initial premise that the statements by counsel for Dufresne were anything more than a misstatement of the law in the form of a concession regarding the sufficiency of the Commonwealth's evidence in the context of a motion to strike the evidence.

Based upon my view stated above regarding the statement actually made by Dufresne's counsel and the context in which it was made, I also conclude that the trial court was not bound

---

[15] The majority insists that Dufresne's argument was not a concession but rather the adoption of the irrevocable legal position that she was guilty of grand larceny. For the reasons detailed more fully below, I fail to see how Dufresne's argument could be considered as anything but a concession regarding the sufficiency of the Commonwealth's evidence.

by Dufresne's concession because a party "cannot concede the law." Cofield v. Nuckles, 239 Va. 186, 194, 387 S.E.2d 493, 498 (1990). Moreover, the record reflects that, in this case, the trial court's error can ultimately only be laid at its own feet.

The goal of the adversary system of criminal justice that is utilized throughout the English speaking world is to provide a defendant with a fair trial. However, the courts have long recognized that a fair trial does not mean a perfect trial. See United States v. Hasting, 461 U.S. 499, 508-09 (1983) ("there can be no such thing as an error-free, perfect trial, and that the Constitution does not guarantee such a trial"); see also Gilland v. Commonwealth, 184 Va. 223, 235, 35 S.E.2d 130, 135 (1945) ("A perfect trial is one of the things hoped for but as yet an iridescent dream."). Indeed, the harmless error doctrine evolved in recognition that counsel and judges are human and, thus, fallible, but a judgment will not be disturbed if there was "a fair trial on the merits and substantial justice has been reached." Shifflett v. Commonwealth, 289 Va. 10, 12, 766 S.E.2d 906, 908 (2015). Furthermore, the entire rationale underpinning both the approbate-reprobate bar and the invited error doctrine is fairness to the opposing party and the notion that one's opponent and the courts are entitled to rely upon a legal position that a party pleads, adopts, agrees to or acquiesces in.

In my view, the analysis of the majority is seriously flawed because it rests upon a foundation underpinned by several erroneous factual and legal premises. First, the majority asserts that "[d]uring [Dufresne's] closing arguement," Dufresne made a "specific and direct request to convict her of grand larceny." This quote from the majority opinion, is inaccurate as already noted above and ignores the context of the statement made by counsel for Dufresne—a motion to strike the evidence. The *sole* purpose of a motion to strike the evidence is to assert to the trial court any legal insufficiency in the Commonwealth's proof of one or more elements of the offense(s) charged. See Rule 3A:15 ("After the Commonwealth has rested its case or at the

conclusion of all the evidence, the court on motion of the accused may strike the Commonwealth's evidence if the evidence is insufficient as a matter of law to sustain a conviction."). Thus, any statements made by counsel during argument on a motion to strike the evidence must be considered in the framework of the only legitimate purpose of such a motion.

Here, the Commonwealth framed the ultimate legal issue pertinent to this appeal through the indictment it sought and received from a grand jury for the crime of robbery. The Commonwealth never requested, much less received, any amendment of its pleadings; therefore, the only legal issue before the trial court during both of Dufresne's motions to strike was the sufficiency of the *Commonwealth's* evidence supporting Dufresne's guilt for the crime of robbery or any lesser-included offense of that crime. In the context of the charge the Commonwealth brought against her, Dufresne's arguments during both of her motions to strike the evidence were properly focused on what evidence the *Commonwealth* had presented with regard to the elements of the offense charged.

The overarching argument in both of Dufresne's motions was that the Commonwealth had failed to produce sufficient evidence of the element of force, threat or intimidation to support a conviction for robbery. She never changed her plea or adopted any legal position *on her own behalf* except that she was not guilty of the crime the Commonwealth elected to charge her with. Here, the record is quite clear. Dufresne argued that the robbery charge should be struck because the Commonwealth's evidence was insufficient as a matter of law to support a conviction for robbery. *Dufresne agreed with the trial court's suggestion* that the Commonwealth's evidence was sufficient to support a prima facie case for grand larceny. This *concession*, regarding the Commonwealth's proof of the offense of grand larceny, has the virtue of being literally true in the abstract—the Commonwealth had, in fact, presented sufficient evidence that, if believed by a factfinder, satisfied all of the elements required for a grand larceny conviction. Of course, the

technical accuracy of Dufresne's argument cannot convey any authority to the trial court to render a verdict on that offense if it is not included in the indictment, but drawing that distinction was entirely the responsibility of the trial court.

In short, I read the statement of counsel for Dufresne, relied upon by the majority as constituting an invitation to the trial court to commit error, the same way the trial court apparently did—as nothing more than repeating her earlier argument that the Commonwealth's evidence was insufficient to prove the element of force, threat or intimidation sufficient for robbery while agreeing with the proposition *initially raised by the trial court* that the evidence of the Commonwealth, if found to be credible, did establish the elements of an unlawful taking of personal property of sufficient value to constitute grand larceny, and thus, the Commonwealth's evidence taken in the light most favorable to it, proved no more than the crime of grand larceny. If, as also seems apparent from this record, at the time she moved to strike the evidence Dufresne's counsel was under the mistaken belief that grand larceny was a lesser-included offense of robbery, Dufresne made a clear and unequivocal attempt to correct her legal argument at a point in time when the trial court retained jurisdiction to correct any error and when no prejudice would have been suffered by the Commonwealth.

Counsel for Dufresne's statement that "I'd ask for the charge to be dropped down to grand larceny" was not a change in her not guilty plea or her basic legal position that the Commonwealth had presented insufficient evidence to legally support a conviction for robbery. Her argument, taken in context with the nature of the motion and her other statements to the trial court, was clearly a concession that the Commonwealth's evidence, if believed by the trial court as the factfinder, was sufficient to satisfy the elements of the crime of grand larceny, but not sufficient to support a prima facie case of robbery. In the absence of any evidence of bad faith, Dufresne's counsel's attempt to be candid with the trial court during argument regarding the state

- 19 -

of the evidence, though mistaken, *ought to be encouraged rather than punished*, as should her attempt to later correct the mistake when it was discovered.

If arguing, however inartfully, in the context of a motion to strike the evidence that the Commonwealth's evidence failed to prove no more than a lesser-included or even an uncharged offense equates to a binding invitation to convict of the lesser or uncharged offense, then today's decision effectively converts many if not most motions to strike the evidence into the functional equivalent of guilty pleas to those lesser or uncharged offenses—without the constitutional safeguards of a colloquy that insures that the defendant knows and understands the consequences of the *de facto* guilty plea her attorney's argument is binding her to.

In its application of the invited error doctrine, the majority relies entirely upon our Supreme Court's holding in Sullivan v. Commonwealth, 157 Va. 867, 161 S.E. 297 (1931). Citing only Sullivan, the majority holds that the invited error doctrine applies to *any* assertion of, or acquiescence in, a proposed legal position while the case is in the trial court no matter the circumstances. However, their reliance is misplaced because the rationale for the holding in Sullivan is easily distinguished from the facts of this case.

Sullivan was indicted for "breaking and entering with the intent to maim, disfigure, and kill," but *the indictment was amended with Sullivan's acquiescence* to breaking and entering "with intent to commit murder, rape or robbery." Id. at 875, 161 S.E. at 299. After the trial court instructed the jury, Sullivan objected to the jury instruction because the instruction given by the trial court was "predicated upon section 4438 of the Code, while the indictment is drawn under section 4439 of the Code, and that the indictment in this case is fatally defective as an indictment under section 4438 of the Code." Id. at 873, 161 S.E. at 298-99. *After the jury returned a verdict of guilty*, Sullivan "moved the [trial] court to set aside the verdict and grant him a new trial upon the ground that the same was contrary to the law and the evidence, and a

misdirection of the jury." Id. at 874, 161 S.E. at 299. The trial court overruled Sullivan's motion

and entered judgment against him. Id.

Our Supreme Court noted:

> The accused acquiesced in the prosecution for a breaking and entering with intent to commit murder, rape or robbery. *That was the charge which he defended and about which he testified. After the evidence had been concluded he should not have been permitted to claim that he could not be prosecuted under section 4438. By this acquiescence he waived the right to make that contention because it was inconsistent with his own motion to require the prosecutor to elect under which section he should be tried. The motion, by necessary implication, conceded the right to try the accused under either section.* Though the procedure was so irregular, the accused cannot be allowed to take advantage of an irregularity for which he is directly responsible. He cannot approbate and reprobate -- invite error and then take advantage of his own wrong.

Id. at 878, 161 S.E. at 300 (emphasis added).

None of the circumstances that form the basis for the holding in Sullivan obtain here. In

fact, the only similarity this case has with the facts in Sullivan is that the charging document,

both in Sullivan and here, framed the nature of the proceedings and could be modified only by

the prosecutor, with the agreement of the trial court.[16] However, in Sullivan, the indictment was

amended with the acquiescence of Sullivan to be tried for breaking and entering with intent to

commit murder, rape or robbery, pursuant to the Code of Virginia in use at the time. The agreed

---

[16] "An indictment is a written accusation of crime, prepared by the attorney for the Commonwealth and returned 'a true bill' upon the oath or affirmation of a legally impaneled grand jury." Code § 19.2-216.

> If there be any defect in form in any indictment . . . , or if there shall appear to be any variance between the allegations therein and the evidence offered in proof thereof, the court may permit amendment of such indictment . . . at any time before the jury returns a verdict or the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged.

Code § 19.2-231.

- 21 -

upon amendment was relied upon by both the Commonwealth and the trial court, and, once amended, the amended indictment became the offense that framed a guilty or not guilty determination. Here, unlike in Sullivan, the Commonwealth never sought to amend its indictment against Dufresne from robbery, in violation of Code § 18.2-58, to grand larceny, in violation of Code § 18.2-95. Thus, there could be no acquiescence on the part of Dufresne to a legal position adopted by the Commonwealth. Even reversing the roles from Sullivan as the majority does here, the comparison with Sullivan fails because even if Dufresne's request "that the charge be dropped down to grand larceny" constituted a request that the charge be amended, the Commonwealth never acquiesced in such a request. Moreover, contrary to the case in Sullivan, Dufresne's mistaken and later abandoned argument to the trial court that the evidence presented by the Commonwealth proved no more than grand larceny as a matter of law, could not be considered an agreement to alter the offense charged and be bound thereby, thus also altering the nature of the burden of proof placed upon the Commonwealth, when the record is clear that the Commonwealth vigorously opposed the request. Without such an amendment, consistent with our Supreme Court's holding in Commonwealth v. Dalton, 259 Va. 249, 524 S.E.2d 860 (2000), a trial court is without any authority to render a verdict on an uncharged offense unless it is a lesser-included offense of one that is charged. Furthermore, and contrary to the position taken by the majority, such authority cannot be conveyed simply by concession or acquiescence.[17] See Dalton, 259 Va. at 253, 524 S.E.2d at 862.

---

[17] Since the trial court had subject matter and personal jurisdiction in this case, its judgment convicting Dufresne for an offense it lacked the legal authority to consider was not void *ab initio* but merely voidable and Dufresne properly sought to void it while the trial court still had the opportunity to do so. See Singh v. Mooney, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001) ("An order is void *ab initio* if entered by a court in the absence of jurisdiction of the subject matter or over the parties, if the character of the order is such that the court had no power to render it, or if the mode of procedure used by the court was one that the court could 'not lawfully adopt. . . .' In contrast, an order is merely voidable if it contains reversible error made by the trial court. Such orders may be set aside by motion filed in compliance with Rule 1:1 or

Additionally, Sullivan waited until his case had gone to the jury before objecting to the instruction he complained of on appeal. Thus, in <u>Sullivan</u>, the trial court could not correct the error without declaring a mistrial. To do so would clearly have resulted in prejudice to the Commonwealth which relied upon Sullivan's acquiescence to the amendment of the indictment. Conversely, this case was a bench trial, and prior to sentencing, while the trial court continued to exercise jurisdiction over the case, Dufresne abandoned her erroneous legal argument and filed a motion to set aside the verdict arguing that grand larceny was not a proper offense for which she could be convicted because it is not a lesser-included offense of robbery.[18] According to the majority, once taken, Dufresne's mistaken argument was irrevocable and irreversible. Thus, the majority concludes that her attempt to correct the error through her motion to set aside the verdict came too late to avoid the application of the invited error doctrine.

In my view, the analysis and holding of the majority on this point brings to fruition in the Commonwealth Chief Justice Burger's concern that the invited error doctrine "has evolved in a way not contemplated" and will "exacerbate the tensions inherent in the adversary process." <u>United States v. Young</u>, 470 U.S. 1, 12 (1985).

A REQUIREMENT OF PREJUDICE IN THE INVITED ERROR DOCTRINE

Even assuming Dufresne's argument regarding the sufficiency of the Commonwealth's case somehow constituted an invitation to the trial court to commit error, the trial court was the factfinder and Dufresne clearly abandoned her earlier erroneous arguments while the trial court still retained jurisdiction to alter its verdict and importantly, those earlier erroneous arguments

provisions relating to the review of final orders." (internal citations omitted)). In this case, Dufresne's motion to set aside the verdict was a proper mechanism to attempt to void the erroneous judgment of the trial court.

[18] Pursuant to Rule 1:1, "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." The Commonwealth does not dispute that Dufresne's motion to set aside the verdict was timely filed.

were abandoned at a point in time when no prejudice to the Commonwealth had resulted from any erroneous arguments regarding the law.

The majority concedes that every case decided in the Commonwealth involving the invited error doctrine, including Sullivan, includes as a factor in the analysis, reliance by the opposing party upon the erroneous legal position adopted by the appellant and prejudice to the opposing party that would result from permitting an alteration in that legal position. Despite that concession, in an example of circular reasoning, the majority concludes that because none of these cases expressly *requires* a finding of prejudice, no such requirement exists and holds accordingly. In stretching to reach this conclusion, the majority ignores some basic legal principles.

First, prejudice to the opposing party is a required statutory consideration anytime there is a variance between the evidence presented and the allegations made and an amendment to the pleadings is sought. Code § 8.01-377.

Second, 73 years after its decision in Sullivan, our Supreme Court held that "a person who has taken an erroneous position on a question of law is ordinarily not estopped from later taking the correct position, provided his adversary has suffered no harm or prejudice by reason of the change." Lofton Ridge, LLC v. Norfolk S. Ry., 268 Va. 377, 382, 601 S.E.2d 648, 651 (2004).[19]

---

[19] The majority asserts that my reliance on this longstanding legal principle is misplaced because it relates to the doctrine of estoppel instead of invited error. However, the doctrine of estoppel is the very foundation of the invited error doctrine. Over 100 years ago, our Supreme Court stated that a party is "estopped" because "[a] party who *invites error* will not be heard to complain of having misled the court." Phillip Levy & Co. v. Davis, 115 Va. 814, 820, 80 S.E. 791, 793 (1914) (emphasis added). Moreover, as earlier noted, the concepts of the approbate-reprobate doctrine and the invited error doctrine have been conflated by different courts. Even so, in the Commonwealth there is a long-standing general rule that "[a] litigant is *estopped* from taking a position which is inconsistent with one previously assumed, either in the course of litigation for the same cause of action, or in dealings *in pais*." Burch v. Grace St. Bldg. Corp., 168 Va. 329, 340, 191 S.E. 672, 677 (1937) (emphasis added) (citing Chesapeake & Ohio

- 24 -

Finally, despite holding that no showing of reliance or prejudice is required to prohibit correction of any discovered error, the majority nevertheless speculates prejudice into existence by concluding that "the Commonwealth was prejudiced when the trial court refused to decide between petit larceny and robbery by accepting Dufresne's invitation to convict her of grand larceny."

In other words, the majority oddly concludes that the Commonwealth was apparently prejudiced by its own election to "put all of its eggs in one basket" by insisting upon a verdict on the indictment it brought and by receiving a verdict of guilty to an offense greater than the offense that its evidence would permit any court to legitimately render. Yet, contrary to the assertion of the majority that "[t]he Commonwealth was denied something it was entitled to receive – having the trial court decide whether Dufresne was guilty of robbery or petit larceny," the Commonwealth was clearly not deprived of the opportunity to have the trial court, as the factfinder, consider both robbery and petit larceny as possible verdicts. Rather, robbery, grand larceny, and petit larceny were all clearly discussed and considered by the trial court as possible verdicts.[20] The trial court simply settled upon a verdict that the evidence supported in the

---

Railway Company v. Rison, 99 Va. 18, 37 S.E. 320 (1900); Canada v. C. H. Beasley & Brothers, 132 Va. 166, 111 S.E. 251 (1922); Arwood v. Hill's Adm'r, 135 Va. 235, 117 S.E. 603 (1923); Alexander v. Commonwealth, 137 Va. 477, 120 S.E. 296 (1923); Fitchett v. Parsons, 142 Va. 163, 128 S.E. 457 (1925); Title, etc., Bank v. Clifton Forge National Bank, 149 Va. 168, 140 S.E. 272 (1927); Nagle v. Syer, 150 Va. 508, 143 S.E. 690 (1928); Byrd v. Pennsylvania Railroad Company, 151 Va. 954, 961, 145 S.E. 722, 724 (1928)).

> Upon that rule election is founded; a man shall not be allowed in the language of the Scotch law "to approbate and reprobate" and where a man has an election between several inconsistent courses of action, he will be confined to that which he first adopts; the election if made with knowledge of the facts is in itself binding.

Burch, 168 Va. at 340, 191 S.E. at 677.

[20] In addition to Dufresne's motion to set aside the verdict where the trial court considered but rejected petit larceny as a possible verdict, when Dufresne began her motion to

abstract but that the law did not permit it to render because that particular offense was uncharged. Pointedly, if the Commonwealth had in fact believed that Dufresne's argument during her motion to strike deprived it of an opportunity to see its "all or nothing strategy . . . through to conclusion" as the majority asserts, the prosecutor certainly failed to say so during the hearing on the motion to set aside the verdict when the trial court still retained the option of changing its verdict in any way permitted by the law and the evidence, thus remedying any such prejudice.

Furthermore, this discovery by the majority of imaginary prejudice to, but never asserted by, the Commonwealth ignores the presumption of correctness we must accord the trial court. The trial court "is presumed to know the law and apply it correctly in each case." Groves v. Commonwealth, 50 Va. App. 57, 62, 646 S.E.2d 28, 30 (2007). Applying that presumption here, the obvious explanation supported by this record for the trial court's statement to Dufresne that "[y]our lawyer did a fine job by getting me . . . to get you out from under the robbery conviction" is simply that the trial court did not agree with the Commonwealth that the element of force, threat or intimidation required for a robbery conviction was proven beyond a reasonable doubt.

---

strike the Commonwealth's evidence, the trial court asked: "Is it grand larceny, grand larceny from the person, or is it robbery? Is that what you're trying to get at?" Defense counsel responded, "[t]he argument would be larceny." Defense counsel continued arguing that the only issue in this case is whether the evidence supplied proof of the element required for robbery that the taking of the victim's property was accomplished by force, threat, or intimidation. After Dufresne argued her motion, the following colloquy occurred:

> Trial Court: What are you telling me she's guilty of?
> Defense Counsel: Larceny.
> Trial Court: Grand larceny?
> Defense Counsel: They prove value with the cash. So yes. I
> would say they have met the burden for grand larceny.

If the Commonwealth shared the majority's concern that it was prejudiced by a failure to have the trial court consider petit larceny as a verdict, it could have said so and joined Dufresne's motion to that effect.

- 26 -

Moreover, the majority does not limit its advisory dicta to speculation concerning potential prejudice resulting from the Commonwealth's own charging decision, the majority also steps outside this Court's proper appellate role by suggesting that the trial court should have found the evidence sufficient to convict Dufresne of robbery. However, "[a]s an appellate court, '[w]e may not substitute our judgment for that of the trier of fact, nor may we reweigh the evidence, because we have no authority to preside *de novo* over a second trial.'" Jones v. Commonwealth, 65 Va. App. 274, 279, 777 S.E.2d 229, 231 (2015) (quoting Ervin v. Commonwealth, 57 Va. App. 495, 503, 704 S.E.2d 135, 138-39 (2011)). In substituting its judgment for that of the factfinder by offering this improper advisory opinion, the majority not only ignores the presumption of correctness but also elects to offer advisory jurisprudence on an issue neither briefed nor before us—whether the evidence was sufficient to support a conviction for a crime a defendant was acquitted of.

Failure of proof on the Commonwealth's part hardly equates to prejudice caused by Dufresne's erroneous argument especially when *the Commonwealth not only did not rely on her argument but expressly rejected it*. In addition, the record clearly reflects that the trial court also expressly rejected any "invitation" to commit error by denying both motions to strike and later made a clear and unequivocal statement when it rejected Dufresne's attempt to correct the error by stating, "I have found her guilty of grand larceny, whether you consider that a lesser-included or not. That is my decision."

By definition, a trial court abuses its discretion when it makes an error of law. Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008). "Rule 5A:18 promotes the correction of error at the trial level." Copeland v. Commonwealth, 42 Va. App. 424, 441, 592 S.E.2d 391, 399 (2004). "The contemporaneous objection rule, embodied in Rule 5A:18 . . . is based on the principle that a litigant has the responsibility to afford [the trial] court the

opportunity to consider and correct a perceived error before such error is brought to the appellate court for review." Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003) (citation omitted). Moreover,

> [f]or an objection to meet the requirements of Rule 5A:18, it must also "be made . . . at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error." This requirement allows the circuit court to remedy the error while also giving "the opposing party the opportunity to meet the objection at that stage of the proceeding."

Maxwell v. Commonwealth, 287 Va. 258, 265, 754 S.E.2d 516, 519 (2014) (quoting Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010)).

To be human is to be fallible. Recognizing that fallibility and furthering the goal of a fair, if imperfect trial, I conclude that the invited error doctrine should not be given the broad and draconian application adopted today by the majority to a mistaken and erroneous legal argument that was abandoned prior to any reliance thereon by, or prejudice to, the Commonwealth.

In the case at bar, Dufresne made her motion to set aside the verdict in order to give the trial court the opportunity to correct its error. In fact, during the hearing on her motion to set aside the verdict, Dufresne informed the trial court that "we are still in trial court [sic], [and a] [m]otion to set aside the verdict is to fix errors. An error was made."[21] The correction requested would have occurred without any prejudice to the Commonwealth since it never accepted or relied upon the earlier legal argument advanced by Dufresne. The motion to set aside the verdict

---

[21] The majority is correct that Dufresne misspoke during the motion to set aside the verdict hearing. Dufresne told the trial court that "[if] the [trial c]ourt will recall, we never made a request to have her found guilty of grand larceny. We just kept using the term larceny. . . . We always just used the term larceny, which could be petit or grand." This was not an entirely accurate recollection of what was requested during the trial. Although the assertion is accurate as to her initial motion to strike the evidence, Dufresne specifically asked the trial court "for the charge to be dropped down to grand larceny" in her renewed motion to strike.

- 28 -

put the trial court on notice that it had abused its discretion as a matter of law and offered a timely procedure to cure the problem.

Because this was a bench trial with the trial court acting as the factfinder, I would hold that Dufresne's motion to set aside the verdict was timely, even though it was made prior to sentencing and almost two months after the trial, because it still afforded the trial court an opportunity to consider and correct a perceived error in the verdict without prejudice. Dufresne's motion to set aside the verdict made it clear that she objected to being convicted of grand larceny, despite her earlier position that the Commonwealth's evidence suggested her guilt for that offense. Thus, prior to its final judgment, the trial court had the opportunity—in the light of Dufresne's correction regarding her understanding of the applicable law—to reconsider and change its verdict to either robbery or petit larceny, correcting its error, if it was so inclined.

Therefore, I would hold that as a matter of law, the trial court abused its discretion in failing to set aside the verdict and in convicting Dufresne of grand larceny because she had not been charged with that offense nor was it a lesser-included offense of the crime charged, robbery. In my view, the analysis and judgment of the majority will result in a zero tolerance policy. As a result, an attorney who argues infirmities in his opponent's case based upon a mistaken understanding of the law or who suggests or acquiesces in an erroneous legal position during trial, would immediately and irrevocably bind their client to the erroneous position despite any opportunity to abandon or correct it without prejudice by bringing it to the trial court's attention while corrective action can still be taken. This will occur even when, as here, the trial court lacks the legal authority to adopt the erroneous argument and when such argument is neither relevant to the ultimate issue nor relied upon by other parties or the trial court. Such a policy does not comport with the principle that a trial need only be fair, not flawless.

In responding to these concerns, the majority proposes a radical alternative approach that it insists will avoid this scenario:

> The trial court, having been informed of the error, must then determine if, under the circumstances, it is appropriate to relieve the litigant of the consequences of the invited error. Whether granting such relief is appropriate necessarily will depend on the facts and circumstances of each case. Issues of potential prejudice, whether the trial court believes the error was invited intentionally, when in the proceeding, the error is brought to the trial court's attention, the amount of time that has passed between the invitation to commit error and the withdrawal of the invitation, the degree to which subsequent proceedings in the trial court were infected by the error, and other factors may properly influence the trial court's decision of whether or not to relieve a party of the consequences of his or her invitation to commit error. In turn, we would review *that* decision of the trial court for an abuse of discretion.

In effect, the majority proposes that the new standard of appellate review in these cases be whether or not a trial court abused its discretion when it refused to recognize that it already abused its discretion in committing legal error. Curiously, the majority proposes this novel double abuse of discretion standard in the form of advisory dicta since it has already concluded that no showing of prejudice is ever required. Yet, the majority does not apply its advisory formula to the facts of this case. It is certainly the case that the trial court did not and the majority does not remand for the purpose of having the trial court do so.

## CONCLUSION

For the foregoing reasons, I would hold that Dufresne was not procedurally barred by the invited error doctrine from raising the trial court's error in convicting her of grand larceny on

appeal. Accordingly, I would reverse Dufresne's conviction of grand larceny and remand this

case to the trial court for a new trial, if the Commonwealth be so advised. [22]

---

[22] Despite the result my analysis of the law compels me to reach today, I note that in light of the Supreme Court's recent decision in <u>Commonwealth v. Bass</u>, 292 Va. 19, 786 S.E.2d 165 (2016), double jeopardy will not preclude the Commonwealth from retrying Dufresne for grand larceny or grand larceny from the person, pursuant to Code § 18.2-95 if it elects to formally charge her with either offense. Because "[i]t is a venerable principle of double jeopardy jurisprudence that the successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, poses no bar to further prosecution on the same charge[,]" the Commonwealth cannot retry Dufresne for robbery, in violation of Code § 18.2-58, as that would be the same charge. <u>Id.</u> at 32, 786 S.E.2d at 172. Since a charge of grand larceny is not the same charge, double jeopardy principles would not bar retrial on a charge of grand larceny.

# VIRGINIA:

*In the Court of Appeals of Virginia on* **Tuesday** *the* **22nd** *day of* **March, 2016**.

Victoria Elizabeth Dufresne,                                                Appellant,

 against            Record No. 0281-15-2
                         Circuit Court No. CR14-F-4184

Commonwealth of Virginia,                                               Appellee.

Upon a Petition for Rehearing En Banc

Before the Full Court

On February 22, 2016 came the appellee, by the Attorney General of Virginia, and filed a petition requesting that the Court set aside the judgment rendered herein on February 9, 2016, and grant a rehearing *en banc* on the issue(s) raised in the petition.

On consideration whereof, the petition for rehearing *en banc* is granted with regard to the issue(s) raised therein, the mandate entered herein on February 9, 2016 is stayed pending the decision of the Court *en banc*, and the appeal is reinstated on the docket of this Court.

The parties shall file briefs in compliance with the schedule set forth in Rule 5A:35(b).  The appellant shall attach as an addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the Court in this matter.  An electronic version of each brief shall be filed with the Court and served on opposing counsel.  In addition, twelve printed copies of each brief shall be filed.  It is further ordered that the appellee shall file an electronic version and twelve additional copies of the appendix previously filed in this case.[1]

A Copy,

Teste:

Cynthia L. McCoy, Clerk

*original order signed by a deputy clerk of the*
By:   *Court of Appeals of Virginia at the direction*
      *of the Court*

Deputy Clerk

---

[1]  The guidelines for filing electronic briefs and appendices can be found at www.courts.state.va.us/online/vaces/resources/guidelines.pdf.

Present:   Judges Petty, Beales and Senior Judge Frank
Argued at Richmond, Virginia

UNPUBLISHED

VICTORIA ELIZABETH DUFRESNE

                                                    MEMORANDUM OPINION*
v.        Record No. 0281-15-2                  JUDGE ROBERT P. FRANK
                                                    FEBRUARY 9, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Gregory L. Rupe, Judge

Dorian Dalton, Senior Assistant Public Defender, for appellant.

Eugene Murphy, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Victoria Elizabeth Dufresne (appellant), after being indicted for robbery, in violation of

Code § 18.2-58, was convicted in a bench trial of grand larceny, in violation of Code § 18.2-95.

On appeal, she contends the trial court erred in denying her motion to set aside the verdict and in

finding her guilty of grand larceny, which she contends is not a lesser-included offense of

robbery.  For the reasons stated, we reverse the trial court.

BACKGROUND

Since our decision is based on the procedural aspects of this case and not the actual facts

of the offense, we limit our factual recitations to the procedural history of the case.

Appellant was indicted and tried for robbery.  After the Commonwealth rested, appellant

moved to strike the evidence, maintaining the evidence failed to prove the taking of the victim's

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

property was accomplished by violence, intimidation, or threat.  After appellant argued her motion, the following exchange occurred:

> The Court:  What are you telling me she is guilty of?
>
> [Defense Counsel]:  Larceny.
>
> The Court:  Grand larceny?
>
> [Defense Counsel]:  They prove value with the cash.  So yes.  I would say that they have met the burden for grand larceny.

Appellant concluded her renewed motion to strike by saying, "For those reasons, I'd ask for the charge to be dropped down to grand larceny."  The trial court overruled appellant's motion but ultimately convicted appellant of grand larceny.  Appellant's sentencing hearing was set for February 5, 2015.

On January 26, 2015, appellant filed a motion to set aside the verdict, arguing that grand larceny is not a lesser-included offense of robbery, and contending that she should be convicted only of petit larceny.  The Commonwealth filed a response to appellant's motion stating that "[t]he Commonwealth concedes that defense counsel's motion would have merit -- except for the principle that defense counsel may not approbate and reprobate by inviting error and then seek reversal of the conviction based upon such invited error.  Rowe v. Commonwealth, 277 Va. 495, 502-503 (2009)."

On February 5, 2015, after hearing argument on appellant's motion, the trial court denied the motion and sentenced appellant on the grand larceny charge.

ANALYSIS

Appellant contends the trial court erred in reducing the robbery charge to grand larceny, instead of petit larceny, since grand larceny is not a lesser-included offense of robbery.[1]  "This

---

[1] The Commonwealth, in its brief, does not address the merits of appellant's contention but argues only the concepts of "invited error" and "approbate and reprobate."

appeal presents a pure question of law to which we apply a *de novo* standard of review." Conley

v. Commonwealth, 284 Va. 691, 693, 733 S.E.2d 927, 928 (2012).

## Procedural Bar

We first address whether appellant is procedurally barred from asserting her argument.

It is uncontroverted that, at trial, appellant agreed that grand larceny was a proper offense

for which she could be convicted. Nevertheless, while the trial court still had jurisdiction over

the case,[2] appellant filed a motion to set aside the verdict, arguing that grand larceny was *not* a

proper offense for which she could be convicted because it is not a lesser-included offense of

robbery. Appellant now challenges on appeal the trial court's decision to deny her motion to set

aside the verdict and to convict her of grand larceny.

Analytically, the contemporaneous objection rule embodied in Rule 5A:18 is instructive.

> The contemporaneous objection rule, embodied in Rule
> 5A:18 in the Court of Appeals and Rule 5:25 in this Court, is based
> on the principle that a litigant has the responsibility to afford a
> court the opportunity to consider and correct a perceived error
> before such error is brought to the appellate court for review. Reid
> v. Baumgardner, 217 Va. 769, 773, 232 S.E.2d 778, 781 (1977).
> The contemporaneous objection rules in each court exist "to
> protect the trial court from appeals based upon undisclosed
> grounds, to prevent the setting of traps on appeal, to enable the trial
> judge to rule intelligently, and to avoid unnecessary reversals and
> mistrials." Reid v. Boyle, 259 Va. 356, 372, 527 S.E.2d 137, 146
> (2000) (quoting Fisher v. Commonwealth, 236 Va. 403, 414, 374
> S.E.2d 46, 52 (1988)). These rules are not limited to evidentiary
> rulings and require objection while the tribunal is in a position to
> correct a claimed error. Id.; Reid v. Baumgardner, 217 Va. at 774,
> 232 S.E.2d at 781.

Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003).

---

[2] The Commonwealth does not contend the motion to set aside the verdict itself was
untimely filed.

Clearly, the motion to set aside in this case afforded the trial court an opportunity "to consider and correct a perceived error"—that the court had convicted appellant of a crime that was neither charged nor a lesser-included offense of a charged crime—"before such error [was] brought to the appellate court for review." Appellant's assignment of error and her argument on appeal is the identical one contained in her motion to set aside. Although appellant erred in requesting the court to convict her of grand larceny, something the court could not legally do, she nevertheless brought the error to the court's attention while the court still had jurisdiction over the case and still had the opportunity to correct its error. Therefore, we conclude appellant is not barred from contending grand larceny is not a lesser-included offense of robbery.

Nevertheless, the Commonwealth argues the doctrines of "invited error" and "approbate/reprobate" bar appellant's contentions on appeal. It is well-settled Virginia law that

> [a] litigant is not allowed to "approbate and reprobate." Hurley v. Bennett, 163 Va. 241, 252, 176 S.E. 171, 175 (1934). This Court has stated that a party may not "in the course of the same litigation occupy inconsistent positions." Id.; see also Rowe v. Commonwealth, 277 Va. 495, 502, [675] S.E.2d [161, 164] (2009) (this day decided) (citing Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006) and Powell v. Commonwealth, 267 Va. 107, 144, 590 S.E.2d 537, 560 (2004)). It is improper for a litigant to invite error and take advantage of the situation created by her own wrong. Rowe, 277 Va. at 502, 675 S.E.2d at [164]; Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988).

> The prohibition against approbation and reprobation forces a litigant to elect a particular position, and confines a litigant to the position that she first adopted.

Matthews v. Matthews, 277 Va. 522, 528, 675 S.E.2d 157, 160 (2009).

The Commonwealth relied at trial on the Supreme Court's decision in Rowe as the focal point of its argument. In Rowe, 277 Va. at 500, 675 S.E.2d at 163, Rowe was initially convicted of attempted capital murder, despite his argument that felony assault and battery on a police

officer was a lesser-included offense of attempted capital murder.  Upon conviction, Rowe filed a motion to reconsider, arguing *inter alia* that "if the trial court will consider the lesser-included offenses under the attempted capital murder of a police officer charge, [appellant] is not guilty of any lesser-included offenses . . . ."  Rowe v. Commonwealth, 07 VAP UNP 3196061, Record No. 3196-06-1 (Aug. 14, 2007).  Rowe filed a post-trial motion to reconsider, where he again urged the trial court to convict him of assault and battery on a police officer.  The trial court vacated its finding of guilt on the attempted capital murder charge and convicted Rowe of assault and battery of a law enforcement officer, as he had requested.  Rowe, 277 Va. at 500, 675 S.E.2d at 163.  Rowe then petitioned this Court for appeal, arguing for the first time that he could not be convicted of assault and battery of a law enforcement officer because it was not a lesser-included offense of attempted capital murder.  Rowe, 07 VAP UNP 3196061.  This Court denied the petition for that assignment of error, concluding that "[b]ecause appellant never raised this issue at trial, Rule 5A:18 bars our consideration of this question on appeal."  Id.  The Supreme Court concluded it was "not necessary to specifically address the question of Rowe's compliance with Rules 5A:20(c) and 5A:18 because Rowe invited the very error of which he now complains.  His approbation and reprobation is necessarily fatal to his lesser-included-offense argument."  Rowe, 277 Va. at 501-02, 675 S.E.2d 164.  The Court reasoned that defense counsel had invited the error by arguing for the lesser charge and maintaining that it was a lesser-included offense.  See id. at 503-04, 675 S.E.2d at 164-65.

The Commonwealth's and the dissent's reliance on Rowe is misplaced.  At no time while the trial court had jurisdiction did Rowe attempt to correct his initial position.  Instead, he continued to argue his erroneous statement of the law in his motion to reconsider, i.e. that assault and battery of a police officer is a lesser-included offense of attempted capital murder.  At no time did he give the trial court an opportunity to re-evaluate his earlier misstatement of the law.

- 5 -

At no time did Rowe contend to the trial court that his earlier position was incorrect. Rowe's invitation of error was never withdrawn nor abandoned. Thus, Rowe never gave the trial court the opportunity to correct its error.

The dissent's analysis gives no weight to appellant's motion to set aside the verdict, informing the trial court that she had abandoned her earlier position. On appeal, unlike in Rowe, appellant took the same position in her motion to set aside the verdict as she now takes on appeal. In sum, Rowe is distinguishable on its facts and does not support the dissent's analysis. To adopt the dissent's application of Rowe would mean that an attorney who acquiesces to a mistake of law during a trial would be forever bound by the error with no opportunity to correct it by bringing it to the trial court's attention. Such an interpretation simply cannot be correct.[3]

The Commonwealth further maintains the relief sought in the motion to set aside the verdict was untimely requested. The Commonwealth argues that the motion to set aside therefore should not be considered. As a result, appellant has not avoided the effect of the "approbate/reprobate" doctrine and is bound by her earlier concession that grand larceny was a charge upon which she properly could be convicted. The dissent adopts this position.

The Commonwealth cites Creamer v. Commonwealth, 64 Va. App. 185, 767 S.E.2d 226 (2015), which addresses the approbate-reprobate doctrine as well as the timeliness of a

_____

[3] The dissent notes that appellant acquiesced without objection when the trial court accepted her theory and convicted her of grand larceny. We note that the Commonwealth failed to object to the court's decision to convict appellant of a crime that was neither charged nor a lesser-included offense. The trial court commented that appellant had "conceded" that she was guilty of grand larceny when she admitted the value of the property taken. However, "[a] party can concede the facts but cannot concede the law." Cofield v. Nuckles, 239 Va. 186, 194, 387 S.E.2d 493, 498 (1990). Thus, appellant could not "concede" that grand larceny was a lesser-included offense of robbery. The "judge is presumed to know the law and to apply it correctly in each case." Groves v. Commonwealth, 50 Va. App. 57, 62, 646 S.E.2d 28, 30 (2007) (quoting Crest v. Commonwealth, 40 Va. App. 165, 172 n.3, 578 S.E.2d 88, 91 n.3 (2003)). Where, as here, the trial court makes an error of law, the parties must have the opportunity to alert the court to the error at a time when the court can consider and correct it.

post-verdict proffer. At trial, Creamer specifically stated "he would not object to the Commonwealth's request 'to prohibit [Davis] from testifying for impeachment of the Commonwealth's witnesses . . . ." Id. at 203, 767 S.E.2d at 234. However, post-trial, Creamer proffered that Davis would contradict certain pieces of the Commonwealth's case. Id. In this context, this Court held that Creamer approbated and reprobated, taking one position at trial and a contradictory position post-trial. Id.

The dissent maintains that appellant was prohibited "from taking a new position of law that was inconsistent with and mutually contradictory to her position at trial." (Emphasis and quotation marks omitted). However, the motion to set aside the verdict *was* part of the trial phase. As stated above, "approbate and reprobate" bars a party from occupying inconsistent positions or positions mutually contradictory. The entire theory of approbate and reprobate is premised on a party "taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." Rowe, 277 Va. at 502, 675 S.E.2d at 164 (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006)).

Appellant here did not maintain two mutually exclusive positions because she abandoned her earlier position while still in the trial phase. Appellant's position in both the trial court and on appeal has been consistently that there was insufficient evidence to convict her of robbery because the Commonwealth failed to prove the element of violence, intimidation, or threat of serious bodily harm. Failure to prove this element of robbery converts the act into a larceny. Thus approbate and reprobate and the cases cited by the Commonwealth have no application. Appellant, through her motion to set aside, made it clear she objected to being convicted of grand larceny, despite her earlier position. Thus, prior to sentencing, the trial judge had the opportunity to hear additional argument and change his decision on the issue if he was so inclined. Unlike in

Rowe, where the defendant changed position during the course of litigation, appellant here kept the same position at the conclusion of the trial phase as she argues now on appeal.

At oral argument, the Commonwealth argued that Smith v. Massachusetts, 543 U.S. 462 (2005), precluded the trial court from reconsidering its verdict, thus barring appellant's motion to set aside the verdict. Smith is a double jeopardy case, involving the trial court's reconsideration of a not guilty finding, which essentially re-tried the defendant after he was acquitted. At the conclusion of the prosecution's case the trial court granted what was the equivalent of a motion to strike, finding Smith not guilty of a weapons charge. Id. at 465. During a recess before closing argument, the trial court was advised of additional legal precedent regarding the weapons charge. The trial court announced it was reversing the prior ruling, and allowed the weapons charge to go to the jury. Id. The jury then convicted Smith of that weapons charge. Id. at 466.

The issue before the United States Supreme Court was whether the trial court could reconsider and change its earlier acquittal without violating double jeopardy. Id. at 464. The Supreme Court found the acquittal was a final judgment and could not be changed. Id. at 473.

The instant case is quite different. A motion to vacate or set aside is premised on a judgment or verdict already rendered. To argue that such a motion must be made at the time of rendering the judgment or verdict was decided ignores the role of such motions. Clearly these motions seek post-verdict relief. In a criminal context, when the defendant asks for the trial court to reconsider the verdict, there are no double jeopardy issues. Smith does not eliminate such post-verdict motions. We thus conclude that Smith does not support the Commonwealth's argument.

The Commonwealth's reliance on Smith seems to be premised on the assumption that the trial court would not have acquitted appellant of robbery had it known at the time that grand larceny was not a lesser-included offense of robbery. Thus, the Commonwealth seems to

- 8 -

suggest, it would somehow be unfair for appellant to suggest that she could be convicted of grand larceny and then take advantage of that erroneous assertion by arguing later that she could only be convicted of petit larceny at a time when the trial court could not revisit its decision to acquit her of robbery. The problem with this argument is the faulty premise upon which it is based. Nothing in the record suggests that the trial court's decision to strike the evidence of robbery was based on anything other than the Commonwealth's failure to prove the necessary element of a taking by violence. The Commonwealth's argument that the trial court was engaging in some sort of judicial grace is simply unfounded.

The dissent claims appellant invited error "and then attempt[ed] to take advantage of the situation created by [her] own wrong." Rowe, 277 Va. at 502, 675 S.E.2d at 164 (quoting Cangiano, 271 Va. at 181, 623 S.E.2d at 895), and thus manufactured a scenario in which the trial court was unable to convict her of the very offense which appellant asked the Court to convict her. Again, this contention fails to consider that the motion to set aside gave the trial court an opportunity to reconsider its earlier ruling. It is clear from the record that the trial court was fully briefed and that the issue was fully argued. The trial court did not rely on appellant's concession during the guilt phase of the trial. There was no mischief but instead a full airing of appellant's later position.

By filing the motion to set aside the verdict, appellant timely made her position clear that grand larceny is not a lesser-included offense of robbery. A challenge to the sufficiency of the evidence may be made by a motion to set aside the verdict. See Howard v. Commonwealth, 21 Va. App. 473, 478, 465 S.E.2d 142, 144 (1995). We conclude that appellant timely made her objection known to the trial court by her motion to set aside the verdict and that the motion preserved appellant's contention for consideration on appeal.

"While the doctrine of invited error remains good law, it simply has no application where, as here, the record shows that a party clearly objected to a specific ruling of the trial court to which error is assigned on appeal . . . ." King v. Commonwealth, 264 Va. 576, 582, 570 S.E.2d 863, 866 (2002). Therefore, we conclude that appellant is not procedurally barred from raising on appeal the trial court's error in convicting her of grand larceny.

### Lesser-Included Offense

The Due Process Clauses of the Constitution of the United States and the Constitution of Virginia mandate that an accused be given proper notification of the charges against him. U.S. Const. amend. XIV; Va. Const. art. 1, § 8. Code § 19.2-220 provides, in pertinent part, that an indictment shall be "a plain, concise and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date." An indictment, to be sufficient, must give an accused notice of the nature and character of the charged offense so the accused can make his defense. Satcher v. Commonwealth, 244 Va. 220, 231, 421 S.E.2d 821, 828 (1992), cert. denied, 507 U.S. 933 (1993).

It is firmly established, therefore, that an accused cannot be convicted of a crime that has not been charged, unless the crime is a lesser-included offense of the crime charged. . . .

An offense is not a lesser-included offense of a charged offense unless all its elements are included in the offense charged. Stated differently, an offense is not a lesser-included offense if it contains an element that the charged offense does not contain.

Commonwealth v. Dalton, 259 Va. 249, 253, 524 S.E.2d 860, 862 (2000). Thus, our inquiry is whether all the elements of grand larceny are included in robbery. We conclude that they are not.

Robbery is a common law crime in Virginia. It is defined as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Durham v. Commonwealth, 214 Va. 166, 168, 198 S.E.2d 603, 605-06 (1973) (quoting Jones v. Commonwealth, 172 Va. 615, 618, 1 S.E.2d 300, 301 (1939)).

- 10 -

Larceny, a common law crime, is defined as the unlawful taking of another's property without his permission and with the intent to permanently deprive the owner of that property. See Tarpley v. Commonwealth, 261 Va. 251, 256, 542 S.E.2d 761, 763 (2001). Simple larceny is raised to grand larceny if the value of the stolen property is $200 or more. See Code § 18.2-95. That value is an essential element of grand larceny. Britt v. Commonwealth, 276 Va. 569, 573, 667 S.E.2d 763, 765 (2008). Unlike grand larceny, robbery has no value element.[4]

This Court's decision in Graves v. Commonwealth, 21 Va. App. 161, 462 S.E.2d 902 (1995), aff'd on reh'g en banc, 22 Va. App. 262, 468 S.E.2d 710 (1996), is instructive. There, we held larceny from the person is not a lesser-included offense of robbery. Id. at 166, 462 S.E.2d at 904. "While the definition of robbery includes, as an element, the theft of property, it does not include, as elements, either the value of the property taken or that the property be taken from the person of the victim." Id. at 164, 462 S.E.2d at 903.

Similarly, a conviction of grand larceny requires proof that the stolen property had a value of $200 or more, but robbery does not. We see no principled reason why Graves does not control our analysis in the present case.

Appellant further contends the trial court should have reduced grand larceny to petit larceny because the latter is a lesser-included offense of robbery.[5] She cites Jones v. Commonwealth, 218 Va. 757, 759-60, 240 S.E.2d 658, 660 (1978), for the proposition that

---

[4] In affirming a robbery conviction, the Virginia Supreme Court found that the defendant's "taking of the victim's shirt and sweater, by violence and against his will, is in itself sufficient to constitute a robbery. These items are presumed to have some value, and no particular value need be shown." Simpson v. Commonwealth, 227 Va. 557, 567, 318 S.E.2d 386, 392 (1984).

[5] At oral argument, the Commonwealth conceded petit larceny is a lesser-included offense of robbery. While we are not bound by a party's concessions of law, see Copeland v. Commonwealth, 52 Va. App. 529, 532, 664 S.E.2d 528, 530 (2008), we nevertheless agree with the Commonwealth's concession.

[d]efinitionally, theft is an essential component of robbery and charged as such in every robbery indictment. Manifestly, a robbery indictment includes all elements of whatever larceny offense it charges, whether grand or petit, and the larceny offense charged is, therefore, lesser-included in robbery.

The Supreme Court of Virginia revisited Jones in Commonwealth v. Hudgins, 269 Va. 602, 611 S.E.2d 362 (2005). In that case, the Court concluded that robbery and grand larceny from the person are not the same offense for double jeopardy purposes. Id. at 608, 611 S.E.2d at 366. The Court focused upon elements of the offenses of robbery and grand larceny from the person, not upon whether, as stated in Jones, "the theft [had been] expressly charged in the . . . indictment." Jones, 218 Va. at 759, 240 S.E.2d at 660. The Court in Hudgins concluded that "to the extent that Jones may be at odds with the conclusion reached here, it is expressly overruled." Hudgins, 269 Va. at 698, 611 S.E.2d at 366.

Nonetheless, Jones remains valid authority that petit larceny is an essential element of robbery. The core of a robbery offense is an unlawful taking, as in petit larceny. Every commission of robbery is also a petit larceny. See Bazemore v. Commonwealth, 210 Va. 351, 353, 170 S.E.2d 774, 776 (1969) (observing "larceny is an offense included in a charge of robbery"); Clay v. Commonwealth, 30 Va. App. 254, 260, 516 S.E.2d 684, 686 (1999) (*en banc*) (stating "[l]arceny is a lesser-included offense of robbery"). Because all of the elements of petit larceny are contained in robbery, petit larceny is a lesser-included offense of robbery.

## CONCLUSION

Therefore, we reverse appellant's conviction of grand larceny and remand to the trial court for further proceedings for petit larceny, if the Commonwealth be so advised. See Graves, 21 Va. App. at 167, 462 S.E.2d at 905.

Reversed and remanded.

- 12 -

Beales, J., dissenting.

I respectfully dissent. The majority concludes that the trial court committed reversible error when it was unwilling to vacate appellant's conviction for grand larceny. Because appellant's trial counsel directly asked the trial court to convict appellant of grand larceny, I would apply the doctrine of invited error to the specific facts of this case.

The Supreme Court's decision in Rowe v. Commonwealth, 277 Va. 495, 675 S.E.2d 161 (2009), is highly instructive here. In that case, the Supreme Court held that "[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory. Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong." Id. at 502, 675 S.E.2d at 164 (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006)). The plain language of Rowe makes clear that it is a prohibition of two types of conduct. First, a party is not allowed to *invite* a trial court to make an error of law and then seek to obtain a benefit created by that wrong. Second, a party is not allowed to take inconsistent or mutually contradictory positions of law "in the course of litigation." Id. Because appellant has violated both prohibitions of Rowe, I would affirm the trial court.

APPELLANT INVITED THE TRIAL COURT TO MAKE AN ERROR OF LAW

This case involves a defendant who was indicted for robbery and who then during the trial asked the court to convict her of grand larceny for taking money and prescription pills valued at well over $200 from her quadriplegic friend. The victim was confined to a wheelchair or to bed because of his paralysis below his neck, and, therefore, was physically unable to stop appellant in any way. There can be no question that appellant invited the trial judge to come to the erroneous conclusion that the trial court should find appellant guilty of grand larceny. At trial, when asked by the trial court whether appellant was guilty of "grand larceny, grand larceny from the person, or

- 13 -

is it robbery," appellant's counsel responded, "The argument would be larceny." When then asked by the trial court if appellant was guilty of grand larceny, appellant's counsel responded, "They prove value with the cash. So yes. I would say that they have met the burden for grand larceny." These statements were in response to questions from the trial judge, and the majority says that trial counsel was simply "acquiescing" in or "conceding" these points of law. I do not quarrel with this assessment and would not base my conclusion that trial counsel invited error solely on these statements in response to the court.

However, at the end of the trial in a renewed motion to strike the evidence, appellant's trial counsel then *directly asked* the court to convict his client of grand larceny – stating, "I'd ask for the charge to be dropped down to grand larceny." This statement by appellant's counsel is a clear invitation to the trial court to make an error of law[6] by finding appellant guilty of a crime that was not a lesser-included offense of the crime originally charged in the indictment – robbery. This direct request to the court to take this action is very different than – and significantly more serious from – failing to object to what the trial court ruled or in acquiescing in or conceding a point in response to questions from the court. In fact, the record demonstrates that trial counsel was so pleased that the trial court granted his request to find the defendant guilty of grand larceny that he told the court, "[W]e would be willing to waive presentence report and do sentencing today."

---

[6] During the renewed motion to strike, counsel for appellant's final substantive statement to the trial court was a direct request to find appellant guilty of grand larceny. Because appellant knew at that time that she was not indicted for grand larceny and because appellant asked the court to convict her of grand larceny, instead of robbery (for which she was indicted), it was incumbent on appellant to ensure that the conviction she requested was proper under Virginia law. Thus, appellant invited the erroneous conviction below.

<u>IN HER MOTION TO SET ASIDE THE VERDICT AND ON APPEAL, APPELLANT SEEKS TO TAKE ADVANTAGE OF THE SITUATION CREATED BY HER INVITED ERROR</u>

While actual prejudice – either to the opposing party or to the trial court – has never been a requirement of the invited error doctrine,[7] <u>Rowe</u> does prohibit a party from attempting "to take advantage of the situation created by his own wrong." <u>Id.</u> at 502, 675 S.E.2d at 164. In her motion to set aside the verdict, appellant argued that the trial court must vacate its prior ruling and find appellant guilty of petit larceny – a misdemeanor. Specifically, appellant argued that she could not be convicted of robbery because the Commonwealth failed "to prove beyond a reasonable doubt that the taking of property was accomplished through violence, force, or intimidation." In addition, appellant argued that she could not be convicted of grand larceny because "[g]rand larceny is not a lesser included offense to the original charge of robbery that the Defendant stood accused of." The record reflects that the trial court convicted appellant of grand larceny *after* appellant asked the court to make that very finding. Appellant later argued that she may now only be convicted of the misdemeanor of petit larceny. This scenario is what the Supreme Court in <u>Rowe</u> seemingly wished to avoid. While it is not clear from the record whether appellant's actions were done in good faith or bad faith, Supreme Court precedent from its decision in <u>Rowe</u> prohibited appellant from seeking to take advantage of the wrong decision

---

[7] The majority opinion rejects an argument advanced by the Commonwealth that the trial judge engaged in "some sort of judicial grace" when it convicted appellant of grand larceny instead of robbery. The majority states that "[n]othing in the record suggests that the trial court's decision to strike the evidence of robbery was based on anything other than the Commonwealth's failure to prove the necessary element of a taking by violence." However, it is entirely speculative to know with any certainty what would have happened below if appellant's counsel had not directly asked the court to convict her of grand larceny. Thus, despite the majority's and the Commonwealth's assertions to the contrary, it is simply not possible to know what the trial court would have concluded if appellant had not invited the error below.

she invited.  For these reasons, I cannot join the majority's opinion – and also believe that it may well encourage mischief in future cases, even if no mischief was intended by trial counsel here.[8]

## APPELLANT HAS APPROBATED AND REPROBATED BY TAKING MUTUALLY CONTRADICTORY POSITIONS OF LAW "IN THE COURSE OF LITIGATION"

In addition, appellant has approbated and reprobated by taking successive positions "in the course of litigation" that are mutually contradictory, which Rowe prohibits at any point *in the course of litigation* – whether still in the trial court or on appeal.  Appellant's *request* at trial for the trial court to find her guilty of grand larceny represents appellant's first position on the issue.  At the motion to set aside the judgment and now again on appeal, appellant has adopted a second position of law – that a conviction for grand larceny would be inappropriate because it was not a lesser-included offense of the charge under which appellant was indicted.  These two positions of law are mutually exclusive and contradictory.  Thus, the invited error doctrine bars appellant from challenging her conviction for grand larceny, as appellant's approbation and reprobation waived any objection to such error below when she specifically *invited* the erroneous decision about which she later complains – and then at the hearing on the motion to set aside the verdict told the trial judge that "we never made a request to have her found guilty of grand larceny."

## THE MAJORITY OPINION'S FOCUS ON THE TIMELINESS OF APPELLANT'S MOTION IN THE TRIAL COURT DOES NOT RECOGNIZE THE FACT THAT APPELLANT HAS NEVERTHELESS VIOLATED THE BASIC PROHIBITIONS SET FORTH IN *ROWE*

The majority opinion concludes, "By filing the motion to set aside the verdict, appellant timely made her position clear that grand larceny is not a lesser-included offense of robbery."

---

[8] Interestingly, at the hearing on the motion to set aside the verdict, appellant's trial counsel argued to the trial court, "If the Court will recall, we never made a request to have her found guilty of grand larceny.  We just kept using the term larceny."  Counsel goes on to state that the defense "never specifically brought out in the argument to have this found grand larceny."  At trial, however, as noted throughout this dissent, trial counsel specifically stated, "I'd ask for the charge to be dropped down to grand larceny" during counsel's renewed motion to strike the evidence, which was his last substantive statement to the trial court before the trial judge ruled, finding appellant guilty of grand larceny.

This conclusion ignores the fact that appellant – in her motion to set aside the verdict – approbated and reprobated by challenging the appropriateness of a conviction she directly requested. In Rowe, a case that involved similar facts to the present case, the Supreme Court held that defense counsel invited error when he urged the trial court to find his client guilty of assault and battery of a law enforcement officer because that charge is not a lesser-included offense of the indicted offense of attempted capital murder. In the present case, the trial court's adoption of an invalid legal theory that appellant herself requested was also invited error.

To conclude, as the majority does, that a party may seek to correct or "undo" in a post-trial motion an error she has actually invited ignores the conclusion of the Supreme Court in Rowe that "[a] party may not approbate and reprobate by taking successive positions *in the course of litigation* that are either inconsistent with each other or mutually contradictory." Id. at 502, 675 S.E.2d at 164 (emphasis added). While the majority opinion is certainly correct that appellant timely filed her motion to set aside the verdict, the Supreme Court's decision in Rowe still prohibited appellant from taking *a new position of law* that was "inconsistent" with and "mutually contradictory" to her previously adopted position. Id. See also Matthews v. Matthews, 277 Va. 522, 528, 675 S.E.2d 157, 160 (2009) ("The prohibition against approbation and reprobation forces a litigant to elect a particular position, and confines a litigant to the position that she first adopted."). While trial counsel may have changed his position while the matter was still in the bosom of the trial court, he did so nearly two months after he directly requested the trial court to convict his client of grand larceny. The trial court – to whom the Commonwealth vigorously argued invited error at the hearing on the motion to set aside the verdict – denied the motion and was in a better position to assess motives than we can from a cold record on appeal. For all those reasons, I must conclude that appellant's adoption of a mutually contradictory position of law at the post-trial motion hearing, which was still "in the

course of litigation," foreclosed her ability to challenge her grand larceny conviction on such grounds.

## KING AND CREAMER SUPPORT THE APPLICATION OF THE INVITED ERROR DOCTRINE

The majority opinion relies on King v. Commonwealth, 264 Va. 576, 570 S.E.2d 863 (2002), to conclude that the invited error doctrine does not apply in a situation where a litigant has given the trial court "the opportunity to hear additional argument and change his decision on the issue." The majority's reliance on King is misplaced, as King did not involve invited error, which the Supreme Court makes clear. The actual issue in King was whether the defendant's initial objection at the motion to strike on the charge of firing into an occupied dwelling was sufficient to preserve his assigned error on appeal when he later failed to object to a jury instruction on that same point of law. Id. at 580-81, 570 S.E.2d at 865. The Court concluded, "The undeniable purpose of [this section] is to relieve counsel of the burden of making repeated further objections to each subsequent action of the trial court that applies or implements a prior ruling to which an objection has already been noted." Id. at 581, 570 S.E.2d at 866. Thus, unlike in the present case, there was no invited error in King. In fact, the Supreme Court only mentions invited error one time in its opinion to respond to an argument advanced by the Commonwealth that defense counsel's failure to object later to a jury instruction on that same issue of law was an invitation to the court to make additional error. Id. at 581-82, 570 S.E.2d at 866. The Supreme Court rejected the argument that counsel needs to continue to make objections after having already clearly raised his objection with the court. Because the Supreme Court in King dealt with not having to make repeated objections (and not with the actual question of invited error that is before us here), it is incorrect to rely on that case to avoid the application of the invited error doctrine. The Supreme Court's decision in Rowe, which followed King, makes clear that invited error in a case like this one should result in affirmance.

The majority opinion also fails to actually distinguish Creamer v. Commonwealth, 64 Va. App. 185, 767 S.E.2d 226 (2015), a case in which this Court applied the invited error doctrine, even though appellant raised the issue to the trial court. The issue in Creamer that is relevant to the invited error doctrine was the defendant's post-trial proffer that the defense witness Richard Davis could have given testimony contradicting the testimony of Edward Moore, a witness for the Commonwealth at trial. In response to Creamer's argument on this issue, this Court concluded that Creamer was barred from raising that issue on appeal. This Court stated:

> Finally, to the extent appellant proffered post-trial that Davis could have given testimony "contradicting Moore's testimony at trial" that he had returned to the home often during the lease period, *appellant may not challenge that point on appeal*. Appellant specifically stated at trial that he would not object to the Commonwealth's request "to prohibit [Davis] from testifying for impeachment of the Commonwealth's witnesses, whose testimony [Davis] heard [while he was still a defendant]."

Id. at 203, 767 S.E.2d at 234 (emphasis added). This Court concluded that Creamer could not "approbate and reprobate by taking successive positions in the course of litigation," having already stated at trial that he would not object to the Commonwealth's request to prohibit Davis from testifying for impeachment of the Commonwealth's witnesses. Id. In both this case and in Creamer, the defendant took one position at trial and *a second, inconsistent position at a post-trial hearing and on appeal*. Finding the Supreme Court's decision in Rowe highly instructive and relying on this Court's treatment of invited error in Creamer, I must conclude that appellant's inconsistent positions regarding the grand larceny charge also warrant the application of the invited error doctrine, even though – like the appellant in Creamer – she raised the issue to the trial court in a post-trial motion.

CONCLUSION

In summary, appellant invited the very error about which she later complains. In the post-trial motion and on appeal, appellant has continued to attempt to take advantage of the situation created by her own request at trial that the charge "be dropped down to grand larceny" by asking nearly two months later for her felony grand larceny conviction to be reduced to a misdemeanor conviction of petit larceny. Appellant takes two inconsistent positions of law over the course of the litigation that are mutually contradictory, and, therefore appellant has approbated and reprobated in a manner prohibited by the Supreme Court in Rowe and by this Court in Creamer. Therefore, I would apply the invited error doctrine, deny appellant's request to reverse on appeal, and affirm the trial court. For these reasons, I respectfully dissent.